IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD D. TALBOTT,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | CIVIL NO. 05-633-GPM |
| ) | |
| **UNITED STATES PROBATION OFFICE,** ) | |
| **UNITED STATES BUREAU OF** ) | |
| **PRISONS, SARAH REVELL, and the** ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondents.** ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Petitioner, an inmate in the Federal Correctional Institution at Greenville, Illinois, filed this action under the umbrella of habeas corpus law. 28 U.S.C. § 2241.[1]

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief,

---

[1] In attachment to the petition, he also invokes provisions of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 522a(g)(1)(C) and 522a(E)(5). Claims brought under the APA are civil actions, and cannot be brought under habeas corpus jurisdiction.

and the petition must be dismissed.

Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). The writ has been extended, under certain circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement. *See, e.g., United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); *Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991).

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation – then habeas corpus is his remedy. *But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law....*

*Id*. at 381 (emphasis added); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-139 (7th Cir. 1995).

In the instant case, Petitioner seeks a correction of information in his central file so that his security classification could be reduced in severity. With a lower security rating, he might qualify for placement in another Bureau of Prisons facility, and he might have access to various programs that he is not eligible for at Greenville. Such a challenge does not request a "quantum change in the level of custody." This is true even though a change in his security classification could result in a transfer to another facility; such a transfer might also result in a decrease in the level of confinement. *See Falcon*, 52 F.3d at 139; *Graham*, 922 F.2d at 381 (civil rights action was proper avenue "even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks.").

While courts sometimes construe a mistakenly-labeled habeas corpus petition as a civil rights

complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because Petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915.

The Court is unable to provide the relief sought. Accordingly, this habeas corpus action is **DISMISSED without prejudice** to Petitioner bringing his claims in a properly filed civil action, accompanied by either the $250 filing fee or a motion for leave to proceed *in forma pauperis*.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED:  03/01/06

                                                   s/ G. Patrick Murphy  
                                                 G. PATRICK MURPHY  
                                                 Chief United States District Judge